1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                     SOUTHERN DISTRICT OF CALIFORNIA

10

11   LAWRENCE MAURICE MARTIN,        )   Civil No. 14cv1694 DMS(RBB)
                                     )
12                 Petitioner,       )   **REPORT AND RECOMMENDATION**
                                     )   **GRANTING RESPONDENT'S MOTION**
13   v.                              )   **TO DISMISS [ECF NO. 14]**
                                     )
14   JEFFREY BEARD, Secretary, et    )
     al.                             )
15                                   )
                   Respondents.      )
16   _____)

17         Petitioner Lawrence Maurice Martin, a state prisoner

18   proceeding pro se and in forma pauperis, filed a Petition for Writ

19   of Habeas Corpus pursuant to 28 U.S.C. § 2254 on July 17, 2014 [ECF

20   Nos. 1, 7].[1]  On December 18, 2014, Respondent Jeffrey Beard, the

21   secretary of the California Department of Corrections and

22   Rehabilitation ("CDCR"), filed a Motion to Dismiss the Petition for

23   Writ of Habeas Corpus (the "Motion to Dismiss") along with a Notice

24   of Lodgment [ECF Nos. 14, 15].  Respondent moves to dismiss the

25   Petition as untimely under the statute of limitations as set forth

26

27   _____

           [1]  The Court will cite to all documents using the page numbers
28   assigned by the Court's electronic case filing system.

                                   1
                                                        14cv1694 DMS(RBB)

1  by the Antiterrorism and Effective Death Penalty Act.  (Mot.

2  Dismiss 3-9, ECF No. 14.)

3      Martin filed an Opposition to Respondent's Motion to Dismiss

4  Petition for Writ of Habeas Corpus [ECF No. 16] (the "Opposition")

5  on January 23, 2015.  The Court noted that some of the attachments

6  to the Opposition were missing.  (See Mins., Feb. 18, 2015, ECF No.

7  17.)  In response, Petitioner provided the missing attachments on

8  March 13, 2015 [ECF No. 18].  The Court, on March 18, 2015,

9  requested supplemental documents and a reply from Respondent [ECF

10 No. 19].  Beard filed the supplemental papers on April 6, 2015 [ECF

11 No. 21], and his Reply to Petitioner's Opposition ("Reply") on

12 April 14, 2015 [ECF No. 23].

13      The Court has reviewed the Petition, the Motion to Dismiss,

14 the lodgments, the Opposition, the Reply, and the supplemental

15 documents provided by both parties.  For the reasons discussed

16 below, Respondent's Motion to Dismiss [ECF No. 14] should be

17 **GRANTED**.

18              **I.  FACTUAL AND PROCEDURAL BACKGROUND**

19      On March 26, 2012, Petitioner was involved in a physical

20 altercation with another inmate and was charged with battery

21 resulting in serious injury.  (Lodgment No. 6, In re Martin, No.

22 D064732, order at 1 (Cal. Ct. App. Oct. 30, 2013).)  Martin was

23 found guilty and lost 360 days of post-conviction credits as a

24 result.  (Lodgment No. 2, Rules Violation Report -- Part C at 2,

25 [In re Martin] (June 13, 2012) (log number FD-12-03-032).)  He was

26 also referred to the Institutional Classification Committee to

27 determine if he should be placed in a secured housing unit.  (Id.)

28

1    Martin administratively appealed the decision and his final
2    administrative appeal was denied on November 5, 2012.  (Lodgment
3    No. 3, Third Level Appeal Decision, <u>In re Martin</u>, TLR Case No.:
4    1202739 (Nov. 5, 2012).)  He constructively filed a petition for
5    writ of habeas corpus in the Fresno County Superior Court on June
6    13, 2013; the petition was later transferred to the Imperial County
7    Superior Court.  (Lodgment No. 4, <u>In re Martin</u>, No. 13CRWR681554
8    (Cal. Super. Ct. filed June 20, 2013) (petition for writ of habeas
9    corpus at 8-9); Lodgment No. 5, <u>In re Martin</u>, No. 13CRWR681554
10   (Cal. Super. Ct. July 2, 2013) (order at 1-2).)  On August 12,
11   2013, the superior court denied the petition.  (Opp'n 13-15, ECF
12   No. 16.)  Petitioner then filed a petition in the California Court
13   of Appeal, which was denied on October 30, 2013.  (Resp't's
14   Supplemental Notice Lodgment Attach. #1 Pet. Writ Habeas Corpus 1,
15   ECF No. 21; Lodgment No. 6, <u>In re Martin</u>, No. D064732, order at 1.)

16       On March 9, 2014, Martin constructively filed a petition with
17   the California Supreme Court.  (Lodgment No. 7, <u>In re Martin</u>, No.
18   S217309 (Cal. filed Mar. 24, 2014) (petition for writ of habeas
19   corpus).)  The California Supreme Court denied his petition on May
20   14, 2014.  (Lodgment No. 8, California Appellate Courts: Case
21   Information, [http://appellatecases.courtinfo.ca.gov (select
22   "Supreme Court," search using the supreme court case number, then
23   select "Docket")] (visited Sept. 18, 2014).)  Martin filed his
24   Petition in this Court on July 17, 2014 [ECF No. 1].

25                    **II.   STANDARD OF REVIEW**

26       Martin's federal Petition for Writ of Habeas Corpus was dated
27   and placed in the mail on July 13, 2014, and filed on July 17,
28   2014.  (Pet. 1, 22, 29, ECF No. 1.)  Under the mailbox rule, a

1  petition is filed on the date a petitioner hands it to prison

2  authorities for mailing.  Houston v. Lack, 487 U.S. 266, 276

3  (1988); Campbell v. Henry, 614 F.3d 1056, 1059-60 (9th Cir. 2010);

4  see Rule 3(d), Rules Governing Section 2254 Cases, foll. 28

5  U.S.C.A. § 2254 (West 2006).  Under this rule, the Court considers

6  the Petition filed on July 13, 2014, the date Petitioner signed and

7  mailed it.

8     Because Martin filed his Petition after April 24, 1996, it is

9  subject to the Antiterrorism and Effective Death Penalty Act

10  ("AEDPA") of 1996.  See Woodford v. Garceau, 538 U.S. 202, 204

11  (2003).  AEDPA sets forth the scope of review for federal habeas

12  corpus claims:

13       The Supreme Court, a Justice thereof, a circuit
        judge, or a district court shall entertain an application
14      for a writ of habeas corpus in behalf of a person in
        custody pursuant to the judgment of a State court only on
15      the ground that he is in custody in violation of the
        Constitution or laws or treaties of the United States.
16

17  28 U.S.C.A. § 2254(a) (West 2006); see Hernandez v. Ylst, 930 F.2d

18  714, 719 (9th Cir. 1991).  In 1996, Congress "worked substantial

19  changes to the law of habeas corpus." Moore v. Calderon, 108 F.3d

20  261, 263 (9th Cir. 1997).  Amended § 2254(d) now reads:

21       An application for a writ of habeas corpus on behalf
        of a person in custody pursuant to the judgment of a
22      State court shall not be granted with respect to any
        claim that was adjudicated on the merits in State court
23      proceedings unless the adjudication of the claim—

24       (1) resulted in a decision that was contrary
        to, or involved an unreasonable application of,
25      clearly established Federal law, as determined
        by the Supreme Court of the United States; or

26

27

28

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d).

To present a cognizable federal habeas corpus claim, a state prisoner must allege that his conviction was obtained "in violation of the Constitution or laws or treaties of the United States." See id. § 2254(a). Petitioner must allege that the state court violated his federal constitutional rights. See Reed v. Farley, 512 U.S. 339, 347 (1994); Hernandez, 930 F.2d at 719; Jackson v. Ylst, 921 F.2d 882, 885 (9th Cir. 1990).

A federal district court does "not sit as a 'super' state supreme court" with general supervisory authority over the proper application of state law. Smith v. McCotter, 786 F.2d 697, 700 (5th Cir. 1986); see also Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (holding that federal habeas courts must respect a state court's application of state law); Jackson, 921 F.2d at 885 (concluding that federal courts have no authority to review a state's application of its law). Federal courts may grant habeas relief only to correct errors of federal constitutional magnitude. Oxborrow v. Eikenberry, 877 F.2d 1395, 1400 (9th Cir. 1989) (stating that federal courts are not concerned with errors of state law unless they rise to the level of a constitutional violation).

The Supreme Court, in Lockyer v. Andrade, 538 U.S. 63 (2003), stated that "AEDPA does not require a federal habeas court to adopt any one methodology in deciding the only question that matters under § 2254(d)(1) — whether a state court decision is contrary to, or involved an unreasonable application of, clearly established

1    Federal law."  Id. at 71 (citation omitted).  In other words, a

2    federal court is not required to review the state court decision de

3    novo.  Id.  Rather, a federal court can proceed directly to the

4    reasonableness analysis under § 2254(d)(1).  Id.

5         The "novelty" in § 2254(d)(1) is "the reference to 'Federal

6    law, as determined by the Supreme Court of the United States.'"

7    Lindh v. Murphy, 96 F.3d 856, 869 (7th Cir. 1996) (en banc), rev'd

8    on other grounds, 521 U.S. 320 (1997).  Section 2254(d)(1)

9    "explicitly identifies only the Supreme Court as the font of

10   'clearly established' rules."  Id.  "A state court decision may not

11   be overturned on habeas review, for example, because of a conflict

12   with Ninth Circuit-based law . . . ."  Moore, 108 F.3d at 264.

13   "[A] writ may issue only when the state court decision is 'contrary

14   to, or involved an unreasonable application of,' an

15   authoritative decision of the Supreme Court."  Id.; see Baylor v.

16   Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996); Childress v. Johnson,

17   103 F.3d 1221, 1225 (5th Cir. 1997); Devin v. DeTella, 101 F.3d

18   1206, 1208 (7th Cir. 1996).

19        [A] state court decision is "contrary to [the Supreme
          Court's] clearly established precedent if the state court
20        applies a rule that contradicts the governing law set
          forth in [the Court's] cases" or "if the state court
21        confronts a set of facts that are materially
          indistinguishable from a decision of [the] Court and
22        nevertheless arrives at a result different from . . .
          precedent."
23

24   Lockyer, 538 U.S. at 73 (quoting Williams v. Taylor, 529 U.S. 362,

25   405-06 (2000)).  A state court unreasonably applies federal law if

26   its application is "objectively unreasonable," which is "more than

27   [being] incorrect or erroneous."  Id. at 75.

28

                                    6                        14cv1694 DMS(RBB)

# III.   DISCUSSION

## A.   AEDPA's One-Year Statute of Limitations

Respondent Beard argues that the Petition is untimely.  (Mot. Dismiss 3-9, ECF No. 14.)  The statute of limitations for federal habeas corpus petitions is set forth in § 2244(d), which provides in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1) (West 2006).

A federal petition for writ of habeas corpus may be dismissed with prejudice when it was not filed within AEDPA's one-year statute of limitations.  Jiminez v. Rice, 276 F.3d 478, 482-83 (9th Cir. 2001).  The statute of limitations is a threshold issue that must be resolved before the merits of individual claims.  See White v. Klitzkie, 281 F.3d 920, 921-22 (9th Cir. 2002).

In most cases challenging a conviction or sentence, the limitation period begins running on the date that the petitioner's

judgment became final because direct review had concluded or the
time for seeking direct review had expired.  28 U.S.C.A.
§ 2244(d)(1)(A).  Where, however, "a habeas petitioner challenges
an administrative decision affecting the 'fact or duration of his
confinement,' AEDPA's one-year statute of limitations runs from
when the 'factual predicate' of the habeas claims 'could have been
discovered through the exercise of due diligence.'"  Mardesich v.
Cate, 668 F.3d 1164, 1172 (9th Cir. 2012) (quoting 28 U.S.C.
§ 2244(d)(1)(D)).  Typically, the factual predicate is the denial
of an administrative appeal.  See Shelby v. Bartlett, 391 F.3d
1061, 1066 (9th Cir. 2004) (holding that the statute of limitations
begins to run when the petitioner's administrative appeal was
denied); Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003)
(holding that the Board of Prison Term's denial of an inmate's
administrative appeal was the "factual predicate" of the inmate's
claim that triggered the commencement of the limitations period).

    Respondent maintains that the factual predicate for Martin's
federal claims arose on November 5, 2012, when the final
administrative appeal challenging the investigation was concluded.
(Mot. Dismiss 4-5, ECF No. 14 (citing Lodgment No. 3, Third Level
Appeal Decision, In re Martin, TLR Case No.: 1202739).)  The
limitations period, Beard asserts, began to run the next day,
November 6, 2012.  (Id. at 5 (citing Patterson v. Stewart, 251 F.3d
1243, 1245-47 (9th Cir. 2001)).)  Under 28 U.S.C. § 2244(d),
Petitioner had one year from that date, or until Monday, November
7, 2013, to file his federal petition for writ of habeas corpus.
See Fed. R. Civ. P. 6(a)(1)(C) ("[I]n computing any time period
specified . . . in any statute . . . include the last day of the

1  period, but if the last day is a Saturday, Sunday, or legal

2  holiday, the period continues to run until the end of the next day

3  that is not a Saturday, Sunday, or legal holiday."); see Patterson,

4  251 F.3d at 1246 (holding that the statute of limitations is to be

5  calculated according to Fed. R. Civ. P. 6(a)).   Martin brought this

6  action on July 13, 2014, approximately eight months after the

7  limitations period had expired.   Absent any applicable tolling, the

8  Petition is untimely.

9  **B.   Statutory Tolling**

10      The statute of limitations under AEDPA is tolled during

11 periods in which a "properly filed" habeas corpus petition is

12 "pending" in the state courts.  28 U.S.C.A. § 2244(d)(2).   The

13 statute specifically provides, "The time during which a properly

14 filed application for State post-conviction or other collateral

15 review with respect to the pertinent judgment or claim is pending

16 shall not be counted toward any period of limitation under this

17 subsection."  Id.; see Pace v. DiGuglielmo, 544 U.S. 408, 410

18 (2005).   "[A]n application is 'properly filed' when its delivery

19 and acceptance are in compliance with the applicable laws and rules

20 governing filings."  Artuz v. Bennett, 531 U.S. 4, 8 (2000)

21 (explaining that typical filing requirements include all relevant

22 time limits).

23      The interval between the disposition of one state petition and

24 the filing of another may be tolled under "interval tolling."  See

25 Carey v. Saffold, 536 U.S. 214, 223 (2002).   "[T]he AEDPA statute

26 of limitations is tolled for 'all of the time during which a state

27 prisoner is attempting, through proper use of state court

28 procedures, to exhaust state court remedies with regard to a

1  particular post-conviction application.'"  <u>Nino v. Galaza</u>, 183 F.3d

2  1003, 1006 (9th Cir. 1999) <u>overruled on other grounds by</u> <u>Harris v.</u>

3  <u>Carter</u>, 515 F.3d 1051, 1053 (9th Cir. 2008) (quoting <u>Barnett v.</u>

4  <u>Lamaster</u>, 167 F.3d 1321, 1323 (10th Cir. 1999)); <u>see</u> <u>Carey</u>, 536

5  U.S. at 219-20.  The statute of limitations is tolled from the time

6  a petitioner's first state habeas petition is filed until state

7  collateral review is concluded, but it is not tolled before the

8  first state collateral challenge is filed.  <u>Thorson v. Palmer</u>, 479

9  F.3d 643, 646 (9th Cir. 2007) (citing <u>Nino</u>, 183 F.3d at 1006).

10  "The period that an application for post-conviction review is

11  pending is not affected or 'untolled' merely because a petitioner

12  files additional or overlapping petitions before it is complete."

13  <u>Delhomme v. Ramirez</u>, 340 F.3d 817, 820 (9th Cir. 2003), <u>abrogated</u>

14  <u>on other grounds as recognized by</u> <u>Waldrip v. Hall</u>, 548 F.3d 729,

15  733 (9th Cir. 2008).

16      As stated above, the limitations period began to run on

17  November 6, 2012.  Martin's state petition for a writ of habeas

18  corpus was constructively filed in Fresno County Superior Court on

19  June 13, 2013.  (<u>See</u> Lodgment No. 4, <u>In re Martin</u>, No. 13CRWR681554

20  (petition for writ of habeas corpus at 8-9).)[2]  This 220-day span

21  is not statutorily tolled and counts toward the one-year

22  limitations period.  <u>See</u> <u>Thorson</u>, 479 F.3d at 646.  The superior

---

24      [2]  Even though Martin did not file his superior court petition

25  in the proper court, he should still be given the benefit of the
    June 13, 2013 constructive filing date.  <u>See</u> <u>Griffin v. Foulk</u>, No.

26  2:14-CV-00837 TLN AC P, 2014 WL 4546018, at *3-4 (E.D. Cal. Sept.
    12, 2014); <u>Daniels v. Swarthout</u>, No. CIV S-10-3347 KJM DAD P, 2011

27  WL 4048529, at *3 (E.D. Cal. Sept. 9, 2011).

1   court denied the petition on August 12, 2013.  (Opp'n 13-15, ECF

2   No. 16).

3       Martin next filed a petition with the California Court of

4   Appeal that was denied on October 30, 2013.  (Lodgment No. 6, In re

5   Martin, No. D064732, order.)  He then waited 130 days, until March

6   9, 2014, to file his petition with the California Supreme Court.

7   (Lodgment No. 7, In re Martin, No. S217309 (petition for writ of

8   habeas corpus).)  Respondent argues that the unexplained delay in

9   filing Martin's petition with the state supreme court is

10  unreasonable, and he should not be entitled to gap tolling for this

11  period.  (Mot. Dismiss 6-7, ECF No. 14.)

12      Statutory tolling applies to "intervals between a lower court

13  decision and a filing of a new petition in a higher court . . . ."

14  Carey, 536 U.S. at 223.  A petitioner is thus entitled to statutory

15  tolling, "not only for the time that his petitions were actually

16  under consideration, but also for the intervals between filings,

17  while he worked his way up the ladder[,]" Biggs v. Duncan, 339 F.3d

18  1045, 1048 (9th Cir. 2003) (citing Carey, 536 U.S. at 223), as long

19  as the filings were timely, Carey, 536 U.S. at 225-26.

20      In California, a petition for collateral review is timely if

21  filed within a "reasonable" amount of time; this contrasts with

22  states that specify a time limit, usually thirty or forty-five

23  days.  Carey, 536 U.S. at 222-23.  Martin waited 130 days after the

24  court of appeal denied his petition to file with the California

25  Supreme Court.  The petition to the higher court was not filed

26  within a "reasonable time," presumptively thirty to sixty days.

27  See Evans v. Chavis, 546 U.S. 189, 192-93 (2005).  "[I]f the

28  successive petition was not timely filed, the period between

1  petitions is not tolled." Banjo v. Ayers, 614 F.3d 964, 969 (9th

2  Cir. 2010).  The 130 days between the denial by the court of appeal

3  and the filing with the state supreme court is not statutorily

4  tolled and must be counted toward the limitations period.  See

5  Livermore v. Sandor, 487 F. App'x 342, 343-44 (9th Cir. 2012)

6  (concluding that delay of seventy-six days between state habeas

7  petitions was unreasonable); Velasquez v. Kirkland, 639 F.3d 964,

8  968 (9th Cir. 2011) (finding delays of eighty-one and ninety-one

9  days were unreasonable).[3]

10     The habeas corpus petition Martin filed with the California

11 Supreme Court was denied on May 14, 2014.  (Lodgment No. 8,

12 California Appellate Courts: Case Information, [http://

13 appellatecases.courtinfo.ca.gov (select "Supreme Court," search

14 using the supreme court case number, then select "Docket")].)  "The

15 statute of limitations period is . . . not tolled after state

16 post-conviction proceedings are final and before federal habeas

17 proceedings are initiated." Roy v. Lampert, 465 F.3d 964, 968 (9th

18 Cir. 2006) (citing 28 U.S.C. § 2244(d)(2)).  A decision of the

19 California Supreme Court becomes final upon filing.  Phelps v.

20 Alameda, 366 F.3d 722, 724 n.1 (9th Cir. 2004); Burton v. Cate, No.

21 10-1797-WQH(WVG), 2011 WL 4529664, at *4 n.3 (S.D. Cal. June 17,

22 _____

23     [3]  The Court notes that fifty-two days elapsed between the
   time the superior court denied the petition and the date Martin
24 constructively filed his petition in the California Court of
   Appeal.  (See Opp'n 13-15, ECF No. 16 (showing that Petitioner's
25 superior court petition was denied on August 12, 2013); Resp't's
   Supplemental Notice Lodgment Attach. #1 Pet. Writ Habeas Corpus 12,
26 ECF No. 21 (showing that Martin constructively filed his petition
   in the California Court of Appeal on or around October 3, 2013).)
27 Fifty-two days is a presumptively reasonable amount of time for
   purposes of statutory tolling; this period is tolled.  See Evans,
28 546 U.S. at 192-93.

2011).  Thus, the time period from the denial of Martin's petition
by the California Supreme Court to the filing of his federal habeas
petition is not statutorily tolled.  Petitioner constructively
filed his federal petition on July 13, 2014, or sixty days after
the California Supreme Court denied his petition.  This period must
be counted against the one-year limitations period.

The statute of limitations in this case was running for 220
days before Petitioner filed his first state habeas petition, 130
days between the court of appeal's denial of Martin's petition and
the filing of the next petition with the California Supreme Court,
and 60 days between the date the California Supreme Court denied
his petition and Martin constructively filed his federal habeas
petition.  The three periods when the limitations period was not
tolled total 410 days, which exceeds AEDPA's one-year statute.  See
28 U.S.C.A. § 2244(d)(1)(A).  Accordingly, Petitioner is not
entitled to statutory tolling.

**C.  Equitable Tolling**

In the Motion to Dismiss, Respondent Beard asserts that Martin
is not entitled to equitable tolling because he fails to show that
he has proceeded diligently or that "extraordinary circumstances
prevented him from filing the Petition in a timely manner . . . ."
(Mot. Dismiss 9, ECF No. 14.)  Indeed, equitable tolling of the
statute of limitations is appropriate when the petitioner can show
"'(1) that he has been pursuing his rights diligently, and (2) that
some extraordinary circumstance stood in his way' . . . ." Holland
v. Florida, 560 U.S. 631, 632 (2010) (quoting Pace, 544 U.S. at
418); see Lawrence v. Florida, 549 U.S. 327, 335 (2007) (same).  A
petitioner is entitled to equitable tolling of AEDPA's one-year

statute of limitations where "'extraordinary circumstances beyond a prisoner's control made it impossible'" to file a timely petition. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (quoting Brambles v. Duncan, 330 F.3d 1197, 1202 (9th Cir. 2003)).

"'[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000)). The failure to file a timely petition must be the result of external forces, not the result of the petitioner's lack of diligence.  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Determining whether equitable tolling is warranted is a 'fact-specific inquiry.'"  Spitsyn, 345 F.3d at 799 (quoting Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001)).

"'[A] prisoner's lack of knowledge that the state courts have reached a final resolution of his case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter.'"  Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) (citations omitted).  To determine if a petitioner is entitled to equitable tolling on this basis, courts must consider (1) the date the petitioner actually received notice, (2) whether the petitioner acted diligently in obtaining notice and (3) "whether the alleged delay of notice caused the untimeliness of his filing and made a timely filing impossible[.]"  Id. at 998.

     **1.   Delay in filing superior court petition**

In the Opposition, Martin insists that he was delayed in filing his petition in superior court because he had limited access to the law library. (Opp'n 3, ECF No. 16.)  Yet, Petitioner does

not explain how this limited access made it impossible for him to file a timely petition.  Martin's conclusory assertions fail to show that he is entitled to equitable tolling on this basis.  See Ramirez, 571 F.3d at 998 (holding that petitioner was not entitled to equitable tolling due to restricted library access while in administrative segregation); Frye, 273 F.3d at 1146 (rejecting argument that lack of access to library materials automatically qualifies as grounds for equitable tolling); Bravo v. Neotti, Civil No. 12-CV-0571-DMS(PCL), 2013 U.S. Dist. LEXIS 106670, at *12 (S.D. Cal. June 5, 2013) ("Where prison lockdowns and restrictive policies regarding hours of library access provided a petitioner with limited access to the law library, he was still not granted equitable tolling because he failed to establish how the limited access interfered with his ability to file a federal petition on time." (citing Shoots v. Lamarque, 86 F. App'x 323, 324 (9th Cir. 2004).)

**2.    Delay in filing petition with California Supreme Court**

Next, Petitioner provides two reasons why he is purportedly entitled to equitable tolling of the time period between the California Court of Appeal's denial of his petition and the filing of his petition in the California Supreme Court.  (Opp'n 4-5, ECF No. 16; see id. at 29.)  First, he argues that he transferred prisons after filing his petition in the court of appeal and therefore did not receive the appellate court's opinion until over four months after it was issued.  (Id. at 4-5.)  Second, he insists that he was delayed in filing because some of his personal property was temporarily lost due to the prison transfers.  (Id. at 4.)

### a.   Delayed receipt of court of appeal's opinion

Martin contends that the delay in filing his petition with the California Supreme Court was partly due to the fact that he did not receive the California Court of Appeal's October 30, 2013 denial of his petition until March of 2014.  (Id. at 5.)[4]  After filing his petition with the appellate court, Martin was transferred from Ironwood State Prison ("Ironwood") to another facility.  (Id. at 4.)  He returned to Ironwood on January 30, 2014, and on February 19, 2014, he sent a letter to the court of appeal inquiring about the status of his case.  (See id. at 26.)  On March 3, 2014, the court responded by notifying him that his petition had been ruled on earlier.  (Id. at 24; see id. at 29.)  Martin constructively filed a petition with the California Supreme Court six days later, on March 9, 2014.  (See Lodgment No. 7, In re Martin, No. S217309 (petition for writ of habeas corpus).)

In the Reply, Beard concedes that according to Ramirez v. Yates, 571 F.3d at 997, a delay in receiving a court's ruling may, under some circumstances, be grounds for equitable tolling.  (Reply 3-4, ECF No. 23.)  Respondent urges that Ramirez is distinguishable, however, because in that case, "the petitioner's late notice was due to no fault of his own, and instead was because the state appellate court was late in sending out its order."  (Id. at 4 (citing Ramirez, 571 F.3d at 997).)  Here, Respondent argues that Martin caused the delay by failing to notify the California

---

[4]  Petitioner's statement that he received notice of the California Court of Appeal's ruling in March of 2015 -- rather than March of 2014 -- appears to be a typographical error.  (See id.)

Court of Appeal that his address had changed after transferring to a different facility. (Id.)

Beard asserts that Ramirez is also distinguishable because it may only allow for equitable tolling due to delay in receiving "the state court's 'final resolution'" of a case. (Id.) For Martin, that would have been the California Supreme Court's ruling. (Id.) Because the delayed opinion in this case was from the court of appeal, Beard maintains that Ramirez does not extend to the "intermediary state court ruling." (Id.)

Even assuming Ramirez applies, Respondent claims that Martin is not entitled to tolling. (Id. at 4-6.) The secretary of the CDCR contends that Petitioner failed to act diligently in obtaining notice from the court of appeal because he did not notify the court that his address had changed. (Id. at 4-5 (citing Ramirez, 571 F.3d at 997-98).) Beard also alleges that Petitioner has failed to prove, as required under Ramirez, that the delay in receipt of the California Court of Appeal's opinion made the timely filing of his federal petition impossible. (Id. (citing Ramirez, 571 F.3d at 997-98).) Respondent insists, "[N]otwithstanding his purportedly late notice of the appellate court order, Martin's California Supreme Court action was completed with at least 15 days remaining before the statute of limitations elapsed during which time he could have filed his federal petition in a timely manner." (Id. at 6.)

Finally, as a general matter, Beard contends that Petitioner has not diligently pursued his claims. (Id.) Because Martin waited 220 days before filing his petition in Fresno County Superior Court and 130 days before filing with the California

17

1   Supreme Court, he failed to proceed diligently. (Id.) According

2   to Beard, Martin's lack of diligence is further evidenced by the

3   fact that he waited sixty days after the California Supreme Court's

4   denial to seek habeas corpus relief in this Court. (Id. at 7.)

5       Petitioner was incarcerated at Ironwood when he mailed his

6   petition to the California Court of Appeal on October 3, 2013.

7   (See Opp'n 4, ECF No. 16.)  On the first page of the petition, he

8   provided the court with his Ironwood address. (See Resp't's

9   Supplemental Notice Lodgment Attach. #1 Pet. Writ Habeas Corpus 1,

10  ECF No. 21.)  Shortly thereafter, on October 15, 2013, Martin was

11  transferred to the California Institute for Men. (See Opp'n 4, ECF

12  No. 16.)  Then, on October 24, 2013, he was moved to Santa Clara

13  County Main Jail where he remained until January 30, 2014, when he

14  returned to Ironwood. (Id. at 4, 26.)  During this period of time,

15  the California Court of Appeal attempted to send its decision to

16  Petitioner on four separate occasions.  See Appellate Courts Case

17  Information, California Courts,

18  http://appellatecases.courtinfo.ca.gov/ (select "Fourth Appellate

19  District Div 1," search using case number D064732, then select

20  "Docket").[5]

21      It was not until after Petitioner returned to Ironwood that,

22  on February 19, 2014, he sent a letter to the court of appeal

23  inquiring about the status of his petition. (See Opp'n 5, 26, ECF

24  _____

25      [5]  The Court sua sponte takes judicial notice of the
    California Court of Appeal's docket.  See Fed. R. Civ. P. 201(c)(1)
26  ("The Court may take judicial notice on its own."); Harris v. Cnty.
    of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) ("We may take
27  judicial notice of undisputed matters of public record, including
    documents on file in federal or state courts.") (citations
28  omitted).

No. 16.)  In the letter, he noted that he did not file a notice of change of address because he did not know his case number.  (Id. at 26.)  On March 6, 2014, Martin received a response from the appellate court notifying him that his petition had been ruled on. (See id. at 24; Pet'r's Notice Lodgment 5, ECF No. 18.)  He filed a petition with the California Supreme Court on March 9, 2014.  (See Lodgment No. 7, In re Martin, No. S217309 (petition for writ of habeas corpus).)

Respondent suggests, and this Court agrees, that there is some question about the applicability of Ramirez, 571 F.3d at 997, to this case.  In Ramirez, as noted, the Ninth Circuit held that "'a prisoner's lack of knowledge that the state courts have reached a final resolution of his case'" may provide a basis for equitable tolling.  See Ramirez, 571 F.3d at 997 (emphasis added) (quoting Woodward v. Williams, 263 F.3d 1135, 1143 (10th Cir. 2001)).  The term "final resolution" may imply that equitable tolling is not available for rulings from appellate courts where the state supreme court or United States Supreme Court subsequently reviewed the state habeas corpus petition.

Yet, Ramirez was remanded to the district court to consider the circumstances surrounding the delay in petitioner's receipt of the ruling from the superior court, which implies a more broad applicability of the rule.  See id. at 996, 998; see also Dominquez v. Brazelton, No. C 12-6288 LHK (PR), 2014 WL 94324, at *4 (N.D. Cal. Jan. 9, 2014) (describing Ramirez as a case where the "state superior court failed to give notice of its decision"); Banks v. Walker, No. 2:07-CV-02022-AK, 2010 WL 5200920, at *2 (E.D. Cal. Dec. 15, 2010) (same).  Some courts have noted the limited scope of

Ramirez.  See Retano v. Janda, No. CV 12-8214-GW (OP), 2013 WL 6499702, at *4 n.4 (C.D. Cal. Dec. 10, 2013); Thomas v. Gonzalez, No. EDCV09-01736AG(SS), 2010 WL 1266773, at *6-7 (C.D. Cal. Feb. 19, 2010).  Other courts have interpreted Ramirez broadly.  See Niebla v. Janda, No. CV 12-4263-CAS(E), 2013 WL 1688346, at *8 (C.D. Cal. Feb. 20, 2013) (applying Ramirez to delayed receipt of superior court's ruling but concluding that petitioner failed to show that delayed notice caused the untimely federal petition); accord Walker v. Brazelton, No. 1:11-CV-00585-AWI-SKO-HC, 2013 WL 71779, at *10-11 (E.D. Cal. Jan. 7, 2013); Aquilera-Guerra v. Ryan, No. CV-12-258-PHX-NVW (BSB), 2012 WL 6765589, at *4-5 (D. Ariz. Dec. 7, 2012).

Without discussing Ramirez, in Nedds v. Calderon, 678 F.3d 777, 783 n.4 (9th Cir. 2012), the Ninth Circuit addressed a set of facts analogous to those in this case.  There, the petitioner argued that he was entitled to tolling because he did not receive the California Court of Appeal's denial of his petition in a timely manner.  (Id.)  The court did not have a correct address for the petitioner after he transferred to a different prison.  Id. Because Nedds did not notify the court of his change of address, the Ninth Circuit held that the delayed notice of the court ruling did not entitle him to statutory or equitable tolling for that period of time.  Id. ("'An . . . unrepresented party whose address . . . changes while a case is pending must promptly serve and file a written notice of the change in the reviewing court in which the case is pending.'") (alterations in original) (citing Cal. R. Ct. 8.32(b)(1)).  Nedds was, however, entitled to equitable tolling of the statute for other reasons not applicable to Martin.

20

In this case, Martin's responsibilities are clear.  Under Rule 8.23(b)(1) of the California Rules of Court, "An attorney or unrepresented party whose mailing address, telephone number, fax number, or e-mail address changes while a case is pending must promptly serve and file a written notice of the change in the reviewing court in which the case is pending."  Cal. R. Ct. 8.23(b)(1).

Martin was away from Ironwood from October 15, 2013, until January 30, 2014.  (See Opp'n 4, 26, ECF No. 16.)  Under Rule 8.23(b)(1) of the California Rules of Court, Nedds, and Ramirez, Martin had a duty to act diligently.  The mail logs provided show that even though the California Court of Appeal denied Martin's petition on October 30, 2013, he did not receive notice of a ruling until March 6, 2014.  (See Opp'n 24, 29, ECF No. 16; Pet'r's Notice Lodgment 5, ECF No. 18.)  The delay, however, appears to be due to the fact that Petitioner did not notify the court of appeal that his address had changed.  See Appellate Courts Case Information, California Courts, http://appellatecases.courtinfo.ca.gov/ (select "Fourth Appellate District Div 1," search using case number D064732, then select "Docket").  Martin's failure to notify the California Court of Appeal of his change of address is not consistent with a finding of diligence.  See Nedds, 678 F.3d at 783 n.4; see also Lozada v. Cripps, No. 09 CIV. 8897(DAB)(THK), 2010 WL 7113583, at *7 (S.D.N.Y. Dec. 17, 2010) (finding that petitioner had not proceeded diligently where he failed to notify the court that he had been transferred to a new facility, delaying receipt of the court's ruling) (citing Spaulding v. Stewart, 13 F. App'x 494, 496 (9th Cir. 2001)); McGuinness v. Pepe, 150 F. Supp. 2d 227, 235

21

1  (D. Mass. 2001) (finding that because petitioner did not leave a

2  forwarding address with the prison after he was released from

3  custody, he was not entitled to equitable tolling due to delay in

4  receipt of court's ruling).

5      Petitioner's claim that he did not know his case number does

6  not excuse his delay in contacting the court.  On February 14,

7  2014, when Martin eventually wrote to the appellate court, he still

8  did not know his case number. (See Opp'n 26-28, ECF No. 16.)  The

9  court was nonetheless able to respond to his inquiry. (See id. at

10 24.)  Furthermore, in his letter, Martin appears to acknowledge

11 that he was responsible for notifying the court of his change of

12 address. (See id. at 26.)

13     Even under Ramirez, Petitioner has to prove that the "delay of

14 notice caused the untimeliness of his filing and made a timely

15 filing impossible[.]"  See Ramirez, 571 F.3d at 998 (emphasis

16 added).  One hundred thirty days passed between the time the

17 California Court of Appeal denied Martin's habeas petition and when

18 he filed his petition with the California Supreme Court.  This left

19 him with 235 days to bring his claims under AEDPA.  But Martin had

20 already delayed 220 days before filing his first habeas petition in

21 superior court and then waited 60 days after the California Supreme

22 Court ruling before filing his Petition in this Court.  If he had

23 not delayed filing the state petitions, he would have been able to

24 meet AEDPA's statute of limitations, even with the delayed receipt

25 of the appellate court's ruling.  Thus, the belated receipt of the

26 opinion was not the sole cause of the untimeliness of a federal

27 petition.  See Ramirez, 571 F.3d at 997; Niebla, 2013 WL 1688346,

28 at *8.  Martin is not entitled to equitable tolling on this basis.

**b.   Prison transfers and loss of personal property**

Next, Martin claims that due to the above-described prison transfers, he was without his property and legal materials from approximately October 15, 2013, to May 15, 2014.  (Opp'n 4, ECF No. 16.)  Despite not having his personal property during this time, Petitioner was still able to file his petition with the California Supreme Court.  (Id.)  In the Reply, Respondent argues that transferring between prisons does not qualify as an extraordinary circumstance justifying equitable tolling.  (Reply 3, ECF No. 23.)

As a general matter, prison transfers do not constitute grounds for equitable tolling.  See Johnson v. Hill, 224 F. App'x 641, 641 (9th Cir. 2007) (denying request for equitable tolling where petitioner failed to demonstrate that frequent prison transfers constituted an extraordinary circumstance that made it impossible to file a timely petition); Ranteesi v. Swarthout, No. 2:13-cv-2482 KJM CKD P, 2014 WL 7150245, at *3 (E.D. Cal. Dec. 15, 2014) (finding that prison transfer did not constitute extraordinary circumstance warranting equitable tolling).

Moreover, while lack of access to legal materials may provide a basis for tolling, see Lott v. Mueller, 304 F.3d 918, 924 (9th Cir. 2002), Martin has failed to provide any evidence showing that the circumstances under which he was incarcerated prevented him from timely filing his habeas corpus petition.  See Ramirez, 571 F.3d at 998 (finding that equitable tolling may apply where a complete lack of access to legal materials made timely filing impossible).  Here, Martin filed his petition in the California Supreme Court during the time he was purportedly without his personal property and legal material.  (See Opp'n 4, ECF No. 16.)

1  This undermines the argument that without these items, it was
2  impossible to file his federal petition.  See Reyes v. Martel, No.
3  08-CV-0791-JLS (PCL), 2009 WL 857010, at *8 (S.D. Cal. Mar. 30,
4  2009) (denying claim that petitioner was entitled to equitable
5  tolling in light of fact that he was able to file petition with the
6  California Supreme Court raising the same claim as in his federal
7  petition, despite lack of access to legal materials).  Petitioner
8  fails to show that he is entitled to equitable tolling of the time
9  period prior to filing his petition in the California Supreme
10 Court.

11      **3.   Delay in filing federal petition**

12      Finally, Petitioner insists that he was delayed in filing his
13 Petition in this Court because he was busy investigating his
14 claims.  (Opp'n 5, ECF No. 16.)  He contends that prison transfers
15 impeded his investigation and caused some of his personal property
16 to become lost or stolen.  (Id.)  Yet, Martin does not explain what
17 he needed to investigate or how he acted diligently in his
18 investigation.  See Holland, 560 U.S. at 653 (describing
19 diligence); Perdigone v. Davis, 584 F. App'x 850, 851 (9th Cir.
20 2014) (finding that difficulty of investigating claims while in
21 prison did not constitute an extraordinary circumstance that
22 prevented a timely filing).  Further, Martin does not explain what
23 materials were lost or stolen or why they were necessary for him to
24 file his Petition.  See Farmer v. Biter, No. CV 12-6557-DMG (CW),
25 2013 WL 3989447, at *7 (C.D. Cal. July 31, 2013) ("Petitioner does
26 not suggest what, if any, particular items he needed but was unable
27 to access and for how long, or show that lack of access to his
28 personal property precluded a timely filing.").

Martin, on the other hand, was able to constructively file a state habeas petition with the California Supreme Court on March 9, 2014, presumably with the same burdens he recounts here. (See Lodgment No. 7, In re Martin, No. S217309 (petition for writ of habeas corpus at 13).) On July 13, 2014, his Petition was constructively filed in federal court. (Pet. 22, ECF No. 1.) The claims raised in the federal petition mirror those raised with the California Supreme Court. (Compare Pet. 6-8, ECF No. 1 (describing three grounds for relief), with Lodgment No. 7, In re Martin, No. S217309 (petition for writ of habeas corpus at 5-7) (describing the same three grounds for relief in nearly identical language).) Martin has not shown that he was unable to file a federal petition because of lost property, a need to investigate, or any other reason. As a result, he is not entitled to equitable tolling.

## IV.   CONCLUSION

For the reasons explained above, Respondent Beard's Motion to Dismiss should be **GRANTED**. This Report and Recommendation will be submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with the Court and serve a copy on all parties on or before June 15, 2015. The document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed on or before June 29, 2015. The parties are advised that failure to file objections within the specified time may waive the right to appeal the

1   district court's order.   <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th

2   Cir. 1991).

3        **IT IS SO ORDERED.**

4   DATED: May 14, 2015

                              _____
5                             Ruben B. Brooks
                              United States Magistrate Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28